

U.S. DISTRICT COURT - N.D. OF N.Y.

FILED

FEB 2 8 2011

AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ALFRED BLOUNT,

         *Plaintiff,*

    -against-

JAMES R. STEVENS,

          *Defendant.*

**STIPULATION AND
ORDER OF
DISCONTINUANCE
PURSUANT TO RULE
41(A)**

09-CV-1269

NAM/DRH/VEB

---

 IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, plaintiff

Alfred Blount, appearing *pro se*, and Eric T. Schneiderman, Attorney General of the State of New

York, Bruce J. Boivin, Assistant Attorney General, of counsel, appearing for defendant James

Stevens, parties to the above entitled-action, that, whereas no party hereto is an infant or incompetent

person for whom a committee has been appointed, and no person not a party has an interest in the

subject matter of the action, the above-entitled action be and the same hereby is settled on the

particular circumstances of this case, on the following terms and conditions, which it is agreed are of

and shall have no legal precedential value in any other case either between the parties to this case or

any other parties:

  1.  Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, plaintiff hereby

discontinues this action with prejudice and without damages, costs, interest or attorneys fees, under

the conditions described in Paragraph 5 of this agreement, and discharges and releases defendant

Stevens, and the State of New York, including its agencies, subdivisions, employees, private

contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown,

now existing or hereafter arising, whether presently asserted or not, which relate in any way to the

subject matter of this action and any claim concerning plaintiff's incarceration within the NYS

Department of Correctional Services, and further agrees to discontinue and/or not to commence or to

pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against

the defendant and others released hereby pertaining to the underlying facts, circumstances or

incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts,

circumstances or incidents or any claim whatsoever concerning plaintiff's incarceration within the

NYS Department of Correctional Services.

2.      This action is hereby discontinued with prejudice pursuant to Rule 41 (a) of the

Federal Rules of Civil Procedure.

3.      The parties agree that no provision of this settlement shall be interpreted to be an

acknowledgment of the validity of any of the allegations or claims that have been made in the action.

4.      This settlement does not constitute a determination of, or admission by any party to

any underlying allegations, facts or merits of their respective positions. The settlement of this action

is limited to the circumstances in this case alone and shall not be given effect beyond the specific

provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for,

or an agreement by the parties to any generally applicable policy or procedure in the future.

5.      Following the execution of this Stipulation, and its being ordered by the Court, the

defendant shall pay to plaintiff the sum of *One Thousand* ($ *1,000* .00)

Dollars in full settlement of any and all claims.  The above amount shall constitute all sums to which

plaintiff is entitled, including but not limited to damages, costs, and attorney's fees.  Plaintiff hereby

acknowledges that he is not entitled to any other moneys or consideration of any kind.  The above

amount shall be made payable to "Alfred Blount" and mailed to:  Alfred Blount, Freedom Residence

XI, 373 East 154th Street, Bronx, NY  10455.

6.      Payment by defendant of the amount specified in paragraph 5 is conditioned on the

approval of all appropriate state officials in accordance with the provisions for indemnification under

section 17 of the New York Public Officers Law.

7.      Payment of the amount in paragraph 5 will be made within one hundred and twenty

(120) days after the approval of this Stipulation by the Court and receipt by defendants' counsel of a

copy of this so-ordered stipulation, unless the provisions of Chapter 62 of the Laws of 2001 apply to

the plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of

Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended

by an additional thirty (30) days to allow for compliance with that law.

8.      This stipulation shall be null and void if the approvals referred to in paragraph 6 are

not obtained, and these actions shall then be placed back on the active docket without prejudice.

9.      In the event that the terms of paragraph 6 are satisfied, but payment is not made

within the 120 day or 150 day period set forth in paragraph 7, interest shall begin to accrue on the

3

outstanding principal balance at the statutory rate on the 121st day after court approval or the or 151st

day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to the plaintiff.

10.     The foregoing constitutes the entire agreement of the parties.

Dated: _Bronx_____, New York
February 10, 2011

_Alfred Blount_
Alfred Blount
Plaintiff *pro se*
Freedom Residence XI
373 East 154th Street
Bronx, NY  10455

Dated: Albany, New York
February 10, 2011

. ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for the Defendants
The Capitol
Albany, New York 12224-0341

By: _____
Bruce J. Boivin
Assistant Attorney General, of Counsel
Bar Roll No. 507894
Telephone: (518) 473-5093
Email: Bruce.Boivin@ag.ny.gov

Dated:     Albany, New York
February 10, 2011

SO ORDERED:

_____
HON. VICTOR BIANCHINI
UNITED STATES MAGISTRATE JUDGE

4